## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No.:

**KATHERINE BOND,**

      Plaintiff,

v.

**JACOB LAW GROUP PLLC.,**

      Defendant

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant is a registered Foreign Limited Liability Company with the Colorado Secretary of State, having a registered agent Corporation Service Company, 1560 Broadway Ste. 2090, Denver, CO 80202.

## PARTIES

8.   Plaintiff Katherine Bond is a natural person who resides in the City of Platteville, County of Weld, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.   Defendant Jacob Law Group PLLC (hereinafter "Defendant") is a Foreign Limited Liability Company operating from an address of 2623 West Oxford Loop, Oxford, MS 38655.

10.  Defendant has failed to register with the Attorney General's Office in Colorado as a debt collector.

## FAIR DEBT COLLECTION PRACTIES ACT

### (FDCPA)

### 15 U.S.C. §1692

11.  The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In creating the FDCPA, the United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasion of individual privacy. Congress enacted that FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. See 15 U.S.C. § 1692(a)-(e).

12.  The FDCPA is a strict liability statute, which provides for actual damages as well as statutory damages upon the showing of any violation.

13.   Violations of 15 U.S.C. §1962e should be evaluated from the prospective of the "least sophisticated consumer." *Jeter v.Credit Bureau, Inc.,* 760 F.2d 1168 (11th Cir. 1985).

14.   The FDCPA is remedial statute to be liberally construed in favor of the consumer. *Johnson v. Riddle,* 305 F.3d 1107 (10th Cir. 2002).

15.   To prohibit deceptive practices, the FDCPA, prohibits conduct by debt collectors using false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16)

## FACTUAL ALLEGATIONS

16.   Plaintiff's mother-in-law, Elizabeth Sue Bond incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17.   Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff's mother-in-law.

18.   The Plaintiff received a telephone call from Defendant Jacobs Law Group, advising the Plaintiff of a debt that was owed.

19.   At that time the Plaintiff told the caller that the debt was not hers that Elizabeth Sue Bond did not live at the residence and she had no information regarding her whereabouts or phone number.

20.   Plaintiff told the Defendant not to call her at the number anymore.

21.   The caller has continued to call over the last sixth months calling from the telephone number of (877)-620-3818 even after the Plaintiff explained that she knew nothing about

the debt or the whereabouts of the debtor and that they were not to call the number anymore.

22. The Defendant continued to call the Plaintiff repeatedly even after being informed by the Plaintiff that the debt did not belong to the Plaintiff and to cease calling the Plaintiff.

23. The Defendant would call knowing that the debt did not belong to the Plaintiff.

24. The calls being made by the Defendant were designed to harass, annoy and cause distress to the Plaintiff.

25. Plaintiff has received over twenty calls and/or voicemail messages from Defendant.

26. Because of the ongoing and harassing nature of the contact by the Defendant the Plaintiff is afraid to answer incoming telephone calls where caller ID shows the number from an area code other than (970).

27. The Plaintiff, because she is afraid to answer her telephone, has missed business calls as well as personal calls from family and friends.

28. Plaintiff has explained to the Defendant and Defendant's employees that the debt is not hers.

29. The actions taken by Defendant's debt collector on various occasions were not authorized to take, and which caused emotional and financial hardship on the Plaintiff and therefore were a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692 b(1), 1692 b(2), 1692 b(3) and 1692d(5) amongst others.

*Respondeat Superior Liability*

30.     The acts and omissions of the individual collector, Susan Taylor and Angela Tucker, as agents employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

31.     The acts and omissions by these individual employees was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

32.     By committing these acts and omissions against Plaintiff, these individual collectors were motivated to benefit their principal, Defendant.

33.     Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

36. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

Respectfully submitted,

s/Jill Gookin
**Jill Gookin, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland
Loveland, Colorado 80537
Telephone: (970) 988-0473
Facsimile: (888) 465-8045
Email: jill@gkalaw.com
**Attorney for Plaintiff**

s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Gookin, Krenning and Associates, LLC
501 Cleveland Avenue
Loveland, Colorado 80538
Telephone: (970) 449-4301
Facsimile: (970) 449-4302
Email: troy@gkalaw.com
**Attorney for Plaintiff**

7